JOHN IVEY v. STATE.

No. A-6230.   Opinion Filed Sept. 17, 1927.
(259 Pac. 275.)

L. A. Wallace, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J. Appellant, John Ivey, was convicted on a charge of unlawful possession of intoxicating liquor and in accordance with the verdict of the jury was sentenced to pay a fine of $500 and serve a term of 6 months in the county jail. To reverse the judgment he appeals.

The record shows that when the case was called for trial appellant filed a motion to suppress the evidence because the same was obtained by an unlawful and unauthorized search and seizure, which motion was overruled.

John Russell, sheriff, testified substantially as follows: That with his deputy, Earnest Hulsey, he raided the defendant's barber shop on Fourth street, Okmulgee, on September 10, 1925, between 3 and 4 o'clock in the afternoon; defendant had a customer in the chair and he told him that he would like to look him over. Defendant said, "All right." That Hulsey passed into the back room and found a paper bag full of half pint bottles of whisky and identified the paper bag and the whisky found there. That they arrested him and put him in jail. He further testified that before he went to the barber shop he sent two boys to the place where the defendant was rooming to search his rooms and they had a search warrant.

The evidence was introduced over defendant's objections.

Earnest Hulsey, deputy sheriff, was not called as a witness.

M. L. Lairmore, deputy sheriff, testified that on September 10th, armed with a search warrant, he went to the rooms occupied by John Ivey as his residence and searched the same. The court sustained a motion to strike testimony of this witness.

The state rested, and defendant moved for a directed verdict of not guilty on the ground that the evidence in the case was secured without a search warrant in violation of

defendant's constitutional rights, which motion was over-ruled; exceptions allowed.

John Ivey, in his own behalf, testified: That he conducted a two-chair barber shop at 805 West Fourth street. That about 3 o'clock in the afternoon Sheriff Russell and his deputy, Hulsey, came in. Hulsey came in first and said, "Hello," and went into the back room. Russell came in behind him and sat down. Witness was shaving a customer. In a few minutes Hulsev came out and said, "Here it is." Russell said, "I am looking for John Ivey." Witness said, "That is me." Russell said, "I will have to take you to jail." Witness said, "All right." That he let the man out that he had started to work on and Russell took him to jail. That the officers did not produce a search warrant. That he did not see the whisky and did not put it there and did not own the whisky. That a barber named Ball that had been around there for a day or two brought the sack in that afternoon and set it down in the room. That Ball worked for him about two weeks. That he was a married man, had lived in Okmulgee 7 or 8 months, coming there from Wichita Falls, where he lived 10 years. That he had never been convicted of an offense.

We deem it sufficient to say that in our opinion the court's finding that the defendant waived his constitutional rights is not sustained by the evidence. The Bill of Rights guarantees:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated." Const. art. 2, § 30.

The question here presented is essentially the same as that considered and determined in the case of Smith v. State, 34 Okla. Cr. 434, 246 P. 1109.

For the reasons stated in the opinion in the Smith Case, supra, and authorities quoted, we hold that the evidence challenged in this case was obtained by an unlawful

search and seizure made by the officers in violation of section 30 of the Bill of Rights above quoted.

It seems that appellant about two months ago was surrendered by his bondsmen and is now confined in the county jail under said sentence.

For the reasons stated, the judgment of the lower court is reversed, with direction to discharge the defendant.

EDWARDS and DAVENPORT, JJ., concur.